UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLEE SEFCIK, | Case No. ED CV 14-850-PJW |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | |
| Defendant. | |

I. INTRODUCTION

Plaintiff appeals a decision by Defendant Social Security Administration ("the Agency"), denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). She claims that the Administrative Law Judge ("ALJ") erred when he discounted her testimony, concluded that she did not meet Listings 1.04C and 13.10, and determined her residual functional capacity. For the following reasons, the Court concludes that the ALJ erred and remands the case to the Agency for further proceedings.

II. SUMMARY OF PROCEEDINGS

In July 2011, Plaintiff applied for DIB and SSI, alleging that she had been disabled since January 2009, due to breast cancer, a

degenerative disc in her lower back, lower back arthritis, and high blood pressure. (Administrative Record ("AR") 50, 153-59, 165.) Her applications were denied initially and on reconsideration and she requested and was granted a hearing before an ALJ. (AR 68-69, 80-87, 100-04.) In December 2012, she appeared with counsel and testified at the hearing. (AR 25-49.) Thereafter, the ALJ issued a decision denying benefits. (AR 10-20.) Plaintiff appealed to the Appeals Council, which denied review more than a year later. (AR 1-4.) Plaintiff then filed the instant action.

## III. ANALYSIS

A. <u>The Credibility Determination</u>

Plaintiff claims that the ALJ erred when he found that she was not credible. For the following reasons, the ALJ's credibility finding is affirmed.

ALJs are tasked with judging a claimant's credibility. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In doing so, they can rely on ordinary credibility techniques. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). Where there is no evidence of malingering, however, ALJs can only reject a claimant's testimony for specific, clear, and convincing reasons that are supported by substantial evidence in the record. *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014).

At the December 2012 administrative hearing, Plaintiff testified that she had been suffering from pain in her back, side, and legs since 2009. (AR 33-34.) She explained that, as a result, during the preceding two years she had been unable to walk a block and that she could not sit or stand for more than 30 minutes without getting cramps. (AR 35-36, 40-41.) Plaintiff also testified that she could

not lift ten pounds without hurting herself.  (AR 36.)  She reported that injections helped with her pain at first but that they no longer did and that medication only made the pain "a little more tolerable." (AR 39.)  According to Plaintiff, she was able to do dishes and could sometimes sweep but could no longer vacuum.  (AR 42.)

The ALJ found that Plaintiff's carcinoma of the left breast and low back pain with sciatica were severe impairments and that they could reasonably be expected to cause some of her alleged symptoms. (AR 12, 14.)  The ALJ concluded, however, that Plaintiff's claims of disabling pain were not credible because: (1) her testimony was inconsistent with her prior statements and with the record; (2) she stopped working for reasons unrelated to her alleged impairments and continued to look for work after her claimed onset date; (3) her testimony that medication and steroid injections were not effective in relieving her pain was belied by the medical record; and (4) her ability to care for her three-year-old undermined her allegations of severe limitation.  (AR 14-16.)  As explained below, these are legitimate reasons for questioning her testimony and are supported by the evidence.

The ALJ found that Plaintiff provided conflicting information about when her disability began and the extent of her alleged limitations.  This is a legitimate reason for discounting her testimony, *see Smolen*, 80 F.3d at 1284 (explaining ALJ may consider prior inconsistent statements as ground for disbelieving testimony), and it is supported by substantial evidence.  Plaintiff claimed that she had been disabled since January 2009.  (AR 29-30, 60, 153, 165, 168.)  As she explained, she had been diagnosed with cancer in May 2009, and the cancer treatment that followed made her "very sick."

(AR 29-30.)  After the ALJ questioned her about the date of onset, Plaintiff agreed that she was in fact diagnosed with cancer in May 2011--not 2009--though she had experienced symptoms two or three months before then.  (AR 30, 31.)  Plaintiff subsequently testified that she began to suffer from serious back pain in 2009, which caused her to visit the hospital twice between 2009 and 2011.  (AR 33-34.)  But, as the ALJ noted in his decision, in February 2011, Plaintiff told Dr. Gerald Radlauer that she had been suffering from back pain for three or four months, i.e., since October or November 2010, not 2009.  (AR 14, 318.)  Moreover, the ALJ found no evidence in the record that Plaintiff had received any treatment for her back before February 2011.  (AR 14.)

The ALJ further noted the discrepancy between Plaintiff's December 2012 administrative hearing testimony that she had not been able to sit or stand for more than 30 minutes or walk a block for at least two years prior to the hearing, i.e., since December 2010 (AR 35-36), and her written report in August 2011 that she could sit and stand for up to two hours at a time.  (AR 190.)  The ALJ was permitted to consider these inconsistencies in evaluating Plaintiff's testimony.

The ALJ also rejected Plaintiff's allegations of pain and limitation because she stopped working in 2008 when she was laid off--not because she was impaired--and continued to look for work and collect unemployment insurance benefits through 2011.  (AR 14-15, 29-30, 38-39.)  In order to obtain unemployment benefits, Plaintiff had to represent to the government that she was ready, willing, and able to work.

These, too, are legitimate reasons for questioning Plaintiff's testimony.  See *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001)

(affirming ALJ's adverse credibility finding based in part on fact that claimant left his job because he was laid off, not because he could no longer work); *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161-62 (9th Cir. 2008) (holding receipt of unemployment benefits can undermine claimant's alleged inability to work).

The ALJ found that Plaintiff's testimony that she could not lift more than ten pounds or sit or stand for more than 30 minutes was contradicted by her testimony that she was the sole caretaker for her three-year-old daughter. (AR 15.) It was not unreasonable for the ALJ to conclude that Plaintiff's ability to take care of her daughter "all the time," as she put it (AR 40, 41), was inconsistent with her testimony that she could not bend down, get up, or squat without exacerbating her already intense pain. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (holding court must uphold ALJ's findings if they are supported by inferences reasonably drawn from the record).

The ALJ also found that Plaintiff's testimony that her treatment was not effective in relieving her pain was belied by the record. (AR 15.) The Court does not find this reason to be persuasive. Plaintiff testified that "the medication helps, the injections aren't helping [the pain], they--the first one that they did it helped 50 percent, after that it's not helping any more." (AR 39.) Broadly speaking, the record supports her testimony that her treatment was not entirely successful in relieving her pain. (AR 279, 289, 291, 298, 300-04, 353-60, 410-11, 413, 419, 422-31.) Even discarding this justification for questioning her testimony, however, the Court finds that the other reasons provided by the ALJ are more than sufficient to uphold the ALJ's credibility finding in this case. *See Carmickle*, 533 F.3d at 1162-63. For that reason, it is affirmed.

B.  <u>Listings 1.04C and 13.10</u>

Plaintiff contends that the ALJ erred in determining that she did not meet or equal Listing 1.04C (disorders of the spine) or 13.10 (breast cancer). The ALJ found that the medical evidence did not establish that Plaintiff met or equaled either Listing and that no doctor found that she did. (AR 13.)

With regard to Listing 1.04C, the Agency appears to concede that Plaintiff meets the first requirement--a disorder of the spine resulting in compromise of a nerve root or the spinal cord--but it argues that there is no objective evidence to show that Plaintiff meets the functional requirement of the Listing, i.e., that she is unable to ambulate effectively. (Joint Stip. at 12-13.) In response, Plaintiff points to her hearing testimony and written reports in which she states that she has difficulty walking even a block. (Joint Stip. at 12.)

Here, the Court sides with the Agency. The ALJ determined that Plaintiff could walk for up to two hours in an eight-hour workday based on the uncontroverted conclusions of the reviewing physicians. (AR 13, 17.) As the Agency points out, the only evidence of additional limitations is Plaintiff's own report. Because the ALJ properly discounted her testimony, however, he was not required to accept these additional limitations. *See Thomas v. Barnhart*, 278 F.3d 947, 960 (9th Cir. 2002) (upholding ALJ's exclusion of alleged side effects of medication where only evidence was claimant's own testimony which was properly discounted). For these reasons, the ALJ's determination that Plaintiff did not meet or equal Listing 1.04C is affirmed.

As for Listing 13.10, it requires that a claimant establish either:

    A.   Locally advanced carcinoma (inflammatory carcinoma, tumor of any size with direct extension to the chest wall or skin, tumor of any size with metastases to the ipsilateral internal mammary nodes).

    OR

    B.   Carcinoma with metastases to the supraclavicular or infraclavicular nodes, to 10 or more axillary nodes, or with distant metastases.

    OR

    C.   Recurrent carcinoma, except local recurrence that remits with antineoplastic therapy.

Plaintiff testified that she had been experiencing symptoms for two or three months before a biopsy in May 2011 confirmed a malignant neoplasm in her breast. (AR 16, 217-18.) In June 2011, Plaintiff began six cycles of chemotherapy, which were completed in October 2011. (AR 248-49, 269.)

Meanwhile, in August 2011, reviewing physician Joel Ross reviewed Plaintiff's medical records and advised that, though she did not meet Listing 13.10 at that time, more information was needed regarding her course of treatment before a final decision could be made. (AR 53-54.) In September 2011, an Agency reviewer noted that Plaintiff's chemotherapy would be complete in October 2011 and that X-ray therapy was a "possibility." (AR 54.) In November 2011, a different reviewing doctor, Keith Wahl, determined that Plaintiff could perform sedentary work but did not address Listing 13.10. (AR 54.)

In October 2011, Plaintiff was referred for a mastectomy. (AR 271.) On December 1, 2011, Plaintiff underwent a radical left breast mastectomy, which revealed that 8 out of 19 lymph nodes were positive for cancer. (AR 259-62.) In January 2012, she was referred for radiation therapy. (AR 275.) That same month, a state agency reviewer found that the medical records showed that Plaintiff was "stable" and reaffirmed the prior denial of Plaintiff's application. (AR 75.) In February 2012, reviewing physician A. Lizarraras confirmed the previously-determined residual functional capacity. (AR 75.) In June 2012, Plaintiff completed 30 treatments of radiation therapy, after which she was continued on Tamoxifen and started on Zoladex. (AR 377.)

Plaintiff argues that the ALJ should have obtained medical expert testimony on the issue of whether she met or equaled Listing 13.10. (Joint Stip. at 14.) The Agency disagrees. It argues that the ALJ reasonably concluded that any functional limitation caused by Plaintiff's breast cancer did not meet the general 12-month durational requirement for establishing disability. (Joint Stip. at 15, citing 20 C.F.R. § 404.1509.)

The Agency's argument is rejected. The ALJ did not address the durational requirement in finding that Plaintiff did not meet or equal Listing 13.10. Rather, he found that the Listing criteria were not met. (AR 13.) On the face of the record, however, Plaintiff suffered from symptoms of breast cancer as early as March or April 2011, was diagnosed with breast cancer in May 2011, and was thereafter treated for breast cancer through June 2012, a period of at least 15 months. Furthermore, although a reviewing doctor opined that Plaintiff did not meet Listing 13.10, he did so in August 2011, two months after

Plaintiff began chemotherapy and before she endured a radical mastectomy and radiotherapy. Thus, Plaintiff has an argument that she met the criteria for Listing 13.10 in 2011-12 and the ALJ failed to explain why she did not meet that criteria. For this reason, this issue is remanded for further consideration.

C.  The Residual Functional Capacity Determination

Plaintiff contends that the ALJ should have developed the record further by having Plaintiff undergo a medical examination or by calling a medical expert at the administrative hearing. (Joint Stip. at 15-16.) For the following reasons, the Court disagrees.

Though the ALJ has a duty to fully and fairly develop the record, even when the claimant has counsel, see Smolen, 80 F.3d at 1288, Plaintiff has not shown that there was any need to supplement the record here. Nor did Plaintiff's counsel argue to the ALJ that additional evidence was necessary or would even be helpful. See, e.g., Littlejohn v. Astrue, 2009 WL 700031, at *3 (C.D. Cal. Mar. 13, 2009) (holding "ALJ does not have a duty to develop the record with regard to issues that the plaintiff herself never raised"). As such, this argument is overruled.[1]

---

[1] That is not to say that the ALJ is precluded from developing the record further on remand. He may require Plaintiff to undergo a consultative examination and/or call a medical expert. But he is not required to do so.

IV. CONCLUSION

For these reasons, the ALJ's decision is reversed and the case is remanded for further consideration consistent with this Memorandum Opinion and Order.[2]

IT IS SO ORDERED.

DATED: February 16, 2016.

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-CLOSED\Closed-Social Security\SEFCIK, K 850\Memo Opinion and Order.wpd

---

[2] Plaintiff has requested that the Court remand the case for an award of benefits. The Court recognizes that it has the authority to do so but finds that such relief is not warranted here. *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015), *as amended* (Feb. 5, 2016) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits.").

10